### James O. Priest, Appellee, v. J. Ralph Dodsworth et al., Appellants.

1.  PLEADING—*when general demurrer to replication properly overruled.* If a replication in effect denies the substantial allegations of the plea, a general demurrer is properly overruled even though such replication is subject to the criticism of pleading the evidence.

2.  PLEADING—*when does not allege valid set-off.* Held, that the plea interposed in this action charging a loss by virtue of a compromise of litigation assented to by the party in whose behalf the plea is filed, does not show a valid set-off where it contains no allegations that such party was in anywise overreached in the settlement or that any fraud or dishonesty of any kind was chargeable to the plaintiff.

Assumpsit. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court

at the November term, 1907.    Affirmed.    Opinion filed April 21, 1908.

F. L. GREGORY and R. W. MILLS, for appellants.

J. M. RIGGS, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

James O. Priest brought suit in the Circuit Court of Morgan county against J. Ralph Dodsworth and W. C. Dodsworth for a balance alleged to be due upon a promissory note for the principal sum of $4,000. By agreement of the parties a jury was waived and the cause submitted to the court for trial. There was a judgment in favor of Priest in the sum of $1,895.56 and this appeal followed.

It appears from the evidence that Sarah Dodsworth, a widow, about eighty-five years old, living in Morgan county, was the owner of a large amount of valuable real estate near Jacksonville, Illinois, and was also the owner of notes of the value of about $82,000. She had one son, an only child, W. T. Dodsworth, who was twice married. By his former marriage W. T. Dodsworth had three children, J. Ralph Dodsworth, William C. Dodsworth and Prudence Dodsworth, who, after their father's second marriage, and at the time of the trouble hereinafter mentioned, resided away from the home of their father.

A strife grew up between the father on one side and his three children by his former wife on the other, as to the disposition of Sarah Dodsworth's property, each one seeking to get control of the property and to influence said Sarah Dodsworth in disposing of it; the father claiming he should have it all while he lived, and his said three children, upon their part, claiming they should have some part of the property at once, fearing the father might, if he controlled all of it, put it beyond their reach by giving it to his children by his second marriage.

Matters were in this shape when J. Ralph Dodsworth, the oldest of said three children, employed Priest, an attorney, to assist him in his efforts to get control of the notes and to keep the father from getting them. Possession of the notes changed hands two or three times, a power of attorney was given by Sarah Dodsworth to one of the parties and revoked. Litigation followed. There was a replevin suit commenced, also a bill for injunction filed, both afterward dismissed, and a proceeding instituted to have Sarah Dodsworth declared incompetent and for the appointment of a conservator. While this proceeding was pending a settlement between the parties was brought about, as a result of which the appellants and their sister either received property, or were allowed to retain as their own, property they had previously received during the course of their dealings with their father and grandmother, worth approximately $80,-000. It was during the progress of these proceedings which resulted in the settlement above stated that the note in question was made to Priest for his legal services, as he claims, for the principal sum of $4,000. Payments were made and credits given upon the note so that upon the trial there was rendered a judgment for $1,895.56 in favor of appellee as a balance due him upon said note.

Appellants contend that the trial court was in error in overruling a demurrer to what is called appellee's fourteenth replication to J. Ralph Dodsworth's first plea. Such first plea was in substance a plea of failure of consideration, alleging that he, J. Ralph Dodsworth, gave to Priest the note sued on, upon the sole condition that said Priest was, as an attorney, to successfully protect said J. Ralph Dodsworth in his possession and ownership of the notes which he had obtained from his grandmother in the sum of $84,000 at a time prior to much of the litigation and when J. Ralph Dodsworth was seeking to hold said notes and prior to the settlement Priest effected between all the

parties, and further alleging that through the timidity, negligence and carelessness of said Priest in maintaining J. Ralph Dodsworth's title to said notes he lost $69,000 of the value thereof by such settlement; wherefore there was a failure of consideration for the note sued on. The replication criticised denied that "the consideration of the note sued on failed by reason of the timidity, negligence and carelessness of the plaintiff as averred in said plea" and there followed such denial a statement of all that had been done by and between the parties interested and by Priest and on behalf of appellants and their sister as hereinbefore briefly outlined, with the further statement that in the settlement as finally perfected by Priest, said appellants and their sister secured property in their own right, including a piece of land in Greene county, Illinois, which said J. Ralph Dodsworth obtained from his grandmother, worth approximately $90,000. While it may be that a large part of the matter set up in the replication was surplusage and that the pleader, to quite an extent, pleaded his evidence instead of merely denying the failure of consideration as alleged in the plea, yet there could have been no prejudicial error in the action of the court in overruling a general demurrer to the replication as it, in terms, denied the failure of consideration set up in said plea.

Appellants also complain of the action of the court in sustaining a demurrer to said J. Ralph Dodsworth's third plea. That plea set up in substance that said J. Ralph Dodsworth was possessed of said notes of the value of $84,000 and that he employed Priest to successfully defend him in such possession against all suits that might thereafter be brought to deprive him of said notes and that said Priest instead of so doing, "timorously sought and wrongfully obtained a compromise whereby he lost $50,000," etc.

This plea was bad. It pleaded a conclusion merely. Furthermore there was no claim made in the plea that Dodsworth was over-reached in any way in the settle-

ment or that he was not fully competent to understand what he was doing, nor that he did not agree to the settlement as made and all its terms, nor that Priest was dishonest in his actions in making or inducing the settlement. In essence, the averments in the plea amount merely to saying that said J. Ralph Dodsworth settled a law suit under the advice of his attorney, which he now believes he could have won if he had litigated it to a finish and because he did so settle he wishes to charge his attorney, because of alleged timorous action, with the difference or a part of it, between what he received in settlement and what he thinks he could have recovered if he had made no settlement.

Complaint is also made by appellants to the ruling of the court as to the opening and close of the case and as to where the burden of proof lay. We fail to see how the holdings of the court upon these matters could have prejudiced appellants' cause.

Appellants opened and closed, in the matter of offering their testimony upon the trial, and in view of the testimony of appellants, themselves, it could matter but little what the court held as to the burden of proof. W. C. Dodsworth testified that J. Ralph Dodsworth was the spokesman and acted as such for the appellants and their sister. J. Ralph Dodsworth testified that "we compromised the thing." That means that a man, presumed to be of sound mind and mature years with a full appreciation of what he was doing, settled a law suit under the advice of his lawyer, who is in no way charged with dishonesty, and accepted the result of the settlement. Appellee had the note of appellants upon which payments had been made and if there was any burden resting upon him to show that he was entitled to recover the unpaid balance thereon, appellants, by their testimony quoted, relieved him of that burden.

Appellants next insist that the finding of the court is not sustained by the evidence. It can serve no good

purpose to review the evidence at any considerable length. It is enough, upon that subject, to say that a bitter feeling had evidently existed for a long time between appellants and their father as to the disposition of the property of Sarah Dodsworth; that for. some time different ones of the relatives had tried to get her property from her and that after several plans and schemes had failed and considerable litigation had resulted, appellants and their sister secured for themselves, through the services of appellee, property worth approximately $80,000 to $90,000. There was evidence that warranted the trial court in finding that Priest was attentive to the work he had to do, honest in his endeavor to serve his clients well, and successful in getting for them property of no inconsiderable value, and in advance of Sarah Dodsworth's death. The judge who tried the case saw and heard the witnesses who testified, and was better able to judge of their credibility then we are. His holding does not appear to have been against the weight of the evidence, but seems rather to have been in accord therewith.

There is no prejudicial error in the holdings of the court upon the propositions of law submitted. The merits of the case are clearly with appellee and the judgment is affirmed.

*Affirmed.*